Gabrielli, J.
(dissenting in part). I agree with the majority Per Curiam opinion insofar as it reverses the order of the Appellate Division affirming the grant of summary judgment to defendant Napatco. However, I would grant summary judgment to the Attorney-General for I can see no necessity for further discovery and prolonged litigation (commenced more than four years ago) given the rationale for reversal articulated by the majority.
The majority notes that under subdivision 5 of section 495 of the Judiciary Law a legal services corporation such as defendant may furnish only information and clerical servicés to an attorney concerning his professional work, provided, of course, that “the lawyer receiving such information or services shall maintain full professional and direct responsibility to his clients for the information and services so received”. The majority then concludes from section 33 of title 35 of the United States Code that the preparation of patent applications, a service Napatco accomplishes for its attorney-clients, is clearly a legal service (pp 437-438). Nevertheless, the majority chooses not to grant summary judgment to plaintiff because of a supposed lack of clarity in the record; and the case now must proceed to further time-consuming discovery. Since the majority has concluded that Napatco was performing a legal and not a clerical service, I fail to see what more proof is required in the record in this case to warrant granting judgment to plaintiff. The possibility that Napatco merely refers general practice attorneys to patent agents or patent attorneys should not require further discovery for, as the majority notes (p 438), a corporation is unequivocally prohibited from furnishing attorneys or counsel by subdivision 1 of section 495 of the Judiciary Law. Furthermore, plaintiff’s failure to cross-move for summary judgment is entirely irrelevant, because on a motion for summary judgment the court may search the record and grant summary judgment to the opposing party (CPLR 3212, subd [b] ).*
Accordingly, for the foregoing reasons, Napatco’s motion *441 for summary judgment should be denied and summary judgment should be granted to plaintiff.
Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion; Judge Gabrielli dissents in part and votes to reverse, deny defendant’s motion for summary judgment and grant summary judgment in favor of plaintiff in an opinion in which Chief Judge Cooke concurs.
Order reversed, etc.

 This section concludes and specifically provides that “[i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion”.